IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JDS UNIPHASE CORPORATION,                )
                                          )
    Plaintiff/Petitioner,             )
                                          )
    vs.                               )   Civil Action No. 11-1213
                                          )
FINISAR CORPORATION,                      )
                                          )
    Defendant/Respondent.             )

AMBROSE, Senior District Judge

## OPINION and ORDER OF COURT

Plaintiff, JDS Uniphase Corporation ("JDSU"), has filed a Motion for Vacatur of Arbitration Award and Injunctive Relief. (ECF No. 4). Defendant, Finisar Corporation, has filed a Motion to Dismiss Complaint Petitioning Vacatur of Arbitration Award pursuant to Rule 12(b)(1) and 12(b)(6), or in the alternative for abstention. (ECF No. 40). Both Motions are fully briefed and ripe for review. After careful consideration of the same and based on the reasoning set forth below, I find that I lack subject matter jurisdiction. Therefore, Finisar's Motion to Dismiss (ECF No. 40) is granted and Plaintiff's Motion for Vacatur and Injunctive Relief (ECF No. 4) is denied.

**I.    Background**

The present case stems from patent infringement litigation that was initiated in this court on March 14, 2007: *Emcore Corporation and JDS Uniphase Corporation v. Optium,* Civil Action No. 7-326 (W.D. Pa. 2009)(Ambrose, J.) ("Federal Action in Pennsylvania").

In July, 2008, Finisar sued JDSU in the Northern District of California to enforce the terms of a Covenant Not to Sue ("CNS"). The action was dismissed for lack of jurisdiction. Finisar then refiled the claims in state courts of California ("state court action in California").

In August 2008, Optium became a wholly-owned subsidiary of Finisar.

On July 15, 2009, Finisar completed a sale of its Network Tools business to JDSU which included the execution of a CNS. A dispute ensued over whether the parties stipulated to dismiss the ongoing Federal Action in Pennsylvania. As a result, Optium filed a motion for leave to file an amended answer to add release as an affirmative defense in the Federal Action in Pennsylvania. Optium also sought to file a second summary judgment motion based on the same defense. On August 19, 2009, this court denied Optium's motions and the Federal Action in Pennsylvania proceeded to trial.

> It simply defies belief that the parties represented by counsel intended to settle a patent infringement lawsuit, with trial imminent, without mentioning it in the course of settlement negotiation or in the settlement document itself. Thus, I find that it would be futile to allow amendment of the Answer because the Settlement Agreement does not release Optium from the instant matter.

(Civil Action 7-326, ECF No. 135).

On November 13, 2009, a verdict was returned in favor of Emcore in the amount of $2,774,364 and in favor of JDSU in the amount of $622,440 in the Federal Action in Pennsylvania. On February 12, 2010, Optium filed a Notice of Appeal. During the appeal, Optium argued that this court applied the wrong standard and abused its discretion in denying Optium's motions described above. The Federal Circuit Court of Appeals affirmed this court's judgment on January 26, 2011.

Back in the state court action in California, JDSU challenged the jurisdiction of the arbitrator based on the Federal Action in Pennsylvania. The Arbitrator dismissed the challenge and rendered a decision in the action finding that based on the CNS, JDSU had released Optium in the Federal Action in Pennsylvania and that continued prosecution of the same constituted a breach of the CNS. On August 31, 2011, the Arbitrator awarded $6,756,427.05 to Finisar, plus $3,215,944.38 in attorneys' fees and expenses incurred by Finisar in defending the Federal Action in Pennsylvania (from July 15, 2009, on) and $517,275.86 in prejudgment interest.

On September 14, 2011, Finisar petitioned the Superior Court for the City and County of San Francisco to confirm the arbitration award. On October 20, 2011, the Superior Court for the City and County of San Francisco confirmed the award.

On September, 20, 2011, JDSU filed a Complaint in this court seeking to vacate the Arbitrator's award. (ECF No. 1).

## II. Legal Discussion

### A. Finisar's Motion to Dismiss – Lack of Jurisdiction Rule 12(b)(1)[1]

Through its complaint, JDSU seeks to vacate and enjoin Finisar from enforcing the August 31, 2011, Arbitration Award in California which was confirmed on October 20, 2011. Finisar first argues that the Complaint petitioning for vacatur of an arbitration award in California and injunctive relief should be dismissed for lack of subject matter jurisdiction. (ECF No. 41, pp. 7-12). Specifically, Finisar argues that neither the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1-16, nor the All-Writs Act, 28 U.S.C. §1651, is a basis for federal jurisdiction. *Id.* In response, JDSU states that it "has never asserted that subject matter jurisdiction exists under the FAA or the All Writs Act." (ECF No. 48, p. 12). Rather, JDSU submits that this court "has subject matter jurisdiction because JDSU seeks vacatur based on the Arbitrator's manifest disregard of federal law – specifically, the well-established principle of federal law that prior judgments of the federal courts could be afforded res judicata and collateral estoppel effect." *Id.*

There is no doubt that JDSU seeks federal jurisdiction based on federal question jurisdiction, not diversity. (ECF No. 1-1). Federal question jurisdiction exists "'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009), *quoting Louisville & Nashville R. Co. v. Mottley,* 211 U.S 149, 152 (1908). Plaintiff's Complaint seeks to vacate an arbitration award. (ECF No. 1). The Federal Arbitration Act ("FAA"), 9 U.S.C. §10, provides the exclusive means

---

[1] Since the Motion to Dismiss raises threshold jurisdictional issues, I will address the Motion to Dismiss first.

for vacating an arbitration award. *Hall Street Assoc., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 584 (2008). The FAA, unlike most federal laws, does not bestow federal subject matter jurisdiction. *Id.* at 581-82. Rather, it requires independent jurisdiction. *Id.* at 582; *Vaden,* 556 U.S. at 1271.

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue. *E.g., Commercial Metals Co. v. Balfour, Guthrie, & Co.,* 577 F.2d 264, 268-269 (CA5 1978), and cases cited.

*Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 26 (1983).

JDSU argues that jurisdiction is conferred based on "the Arbitrator's manifest disregard of federal law…." (ECF No. 48, p. 12). To that end, JDSU asserts that "manifest disregard" remains a valid ground for vacating an arbitration award. *Id.* at p. 13-14. By this statement, it is clear to me that JDSU is confusing two different theories of law: jurisdiction and the grounds for vacating an arbitrator's award.[2] The basis for vacatur and the basis for jurisdiction are two separate and distinct propositions.

Finisar argues that "manifest disregard" does not provide a basis for jurisdiction exclusive of the FAA. (ECF No. 41, pp. 8-11). As set forth above, the Supreme Court could not be more clear on this issue. *Hall,* 552 U.S. at 582; *Vaden,* 556 U.S. at 1271. As a result, I agree with Finisar.

---

[2] In *Hall,* the Supreme Court stated that §10 of the FAA was the exclusive grounds for vacating an arbitration award thereby implying that "manifest disregard for the law" is not an additional ground for vacating an arbitration award. *Hall,* 552 U.S. at 581-82. The use of the term "manifest disregard" was a "shorthand" reference or collective characterization of the exclusive grounds in §10. The Supreme Court later clarified, however, that it was not deciding whether "manifest disregard" is an independent ground for vacatur under §10. *Stolt-Neilsen S.A. v. AnimalFeeds Int's Corp.,* 130 S.Ct. 1758, 1768, n.3 (2010). While the circuit courts are split on this issue, the Third Circuit has yet to rule. *Paul Green School of Rock Music Franchising, LLC. v. Smith,* 389 F. App'x 172, 176-77 (3d Cir. 2010).

JDSU has failed to provide any basis for jurisdiction other than its "manifest disregard" argument. Thus, given the statement in *Hall* that an independent ground for jurisdiction is required, I am persuaded that "manifest disregard" does not provide the independent basis necessary to confer jurisdiction on this court. Therefore, I find that I lack subject matter jurisdiction over this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JDS UNIPHASE CORPORATION, )<br>)<br>Plaintiff/Petitioner, )<br>)<br>vs. )<br>)<br>FINISAR CORPORATION, )<br>)<br>Defendant/Respondent. ) | Civil Action No. 11-1213 |

AMBROSE, Senior District Judge

## ORDER OF COURT

And now, this 5th day of March, 2012, upon consideration of Defendant's Motion to Dismiss (ECF No. 40) and Plaintiff's Motion for Vacatur (ECF No. 4), it is ordered as follows:

1. Defendant's Motion to Dismiss (ECF No. [40]) is granted due to lack of subject matter jurisdiction.

2. Plaintiff's Motion for Vacatur and Injunctive Relief (ECF No. [4]) is denied.

The case shall be closed forthwith.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge